UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
FRANKIE PRADO, LAURIS PRADO
AND PAULINA LOPEZ, JOINTLY
AND INDIVIDUALLY,

          Plaintiff,

2012 Civ. No.
COMPLAINT
(JURY TRIAL DEMANDED)

12 CV 4239



-against-

THE CITY OF NEW YORK (CITY), THE
NEW YORK CITY POLICE DEPARTMENT
(NYPD); AND POLICE OFFICERS OF THE
CITY OF NY INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY AS NEW YORK CITY
POLICE OFFICERS, POLICE OFFICER AND
OTHER POLICE OFFICERS
WHOSE IDENTITIES ARE
UNKNOWN AT THE PRESENT TIME.

          Defendants.
------------------------------------------------------X

    Plaintiffs, FRANKIE PRADO, LAURIS PRADO AND PAULINA LOPEZ, by and through their attorney, Andres Manuel Aranda, Esq., respectfully shows to this Honorable Court and alleges as follows:

## INTRODUCTION

    1. This is an action commenced by Plaintiffs for money damages against defendants for committing acts within the scope of their employment and under color of law and depriving each plaintiff of his rights secured and guaranteed by the Constitutions and laws of the United States and the State of New York. This action also seeks damages against the defendant City of New York as respondeat superior for the actions and inactions of its agents and employees, whether intentional or otherwise or whether through negligence, indifference, carelessness, or wantonness agauinst each individual PLAINTIFF.

    Plaintiffs allege that the defendants through its Police Department and its Police Officers, deprived them of the Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, their 14th Amendment due process rights were violated, they were arrested without probable cause, EXCESSIVE AND UNNECASSARY FORCE BEING USED TO EFFECT their unlawful and illegal arrest; they were Maliciously Prosecuted, forced to sustain pain and suffering as well as

psychological and emotional distress. They were deprived of their liberty without probable cause and or justification. Furthermore, the Plaintiffs were viciously and maliciously assaulted, battered and abused, both physically and mentally, by the defendant Police Officers and their agents, all acting within the scope of their employment as police officers and in furtherance of the business of the defendants' City of New York and the New York City Police Department.

This action has been commenced within three years after plaintiff's claim arose by reason of the favorable termination of the criminal prosecution in favor of the plaintiff. Plaintiffs had been arrested on JUNE 25TH, 2009 and the case was dismissed and sealed on or about JUNE 27TH, 2009 when the District Attorney of New York County declined to prosecute the matter after reviewing same and determining that there was no probable cause to arrest Mr. FRANKIE PRADO, Mr. LAURIS PRADO and MS. PAULINA LOPEZ and that no crime had been committed.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. Sections 1983 and 1985, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

3. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1341(1-4) and 2202.

4. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b).

## NOTICE OF CLAIM

5. A Notice of Claim was filed.

## JURY DEMAND

6. Plaintiffs demands a trial by jury in the within action.

## PARTIES

7. Plaintiffs, MR. FRANKIE PRADO, MR. LAURIS PRADO AND MS. PAULINA LOPEZ are American Citizens residing at 600 WEST 183rd STREET, APT. 25, NEW YORK NY 10033.

8. Defendant City of New York (CITY) is a municipal corporation organized under the laws of the State of New York and the public employer of the police officers named John Does herein as defendants in this action.

9. Defendant New York City Police Department is an agency of the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

10. At all times relevant herein, defendant Police Officers, whose identities are unknown at this time, were police officers assigned to the 304TH precinct and THE BORO OF MANHATTAN NORTH NARCOTICS, acting as agents, servants and

employees of the defendants City of New York and the NYPD, in furtherance of the scope of their employment and under color of law; to wit under color of statutes, ordinances, regulations, policies, customs and usages of the CITY and the NYPD.

11. At all times relevant herein, said Police Officers, were Police Officers employed by the New York City Police Department, acting under color of law and within the scope of their employment as New York City Police Officer, duly authorize by the City of New York to act on its behalf and acting on its behalf and in furtherance of said defendant City's business.

## FACTUAL ALLEGATIONS

12. On or about JUNE 25TH, 2009 at approximately 500 hours in the morning, (5:00 A.M.), inside of their residence located at 600 WEST 183rd Street, Apartment 25 within the City and County of New York, and within the Jurisdictional boundaries of the Southern District of New York, while the plaintiffs were peacefully and lawfully sleeping inside their residence, they were approached and brusquely woken up by members of the New York City Police Department, in uniform and out of uniform, on duty and acting as employees, servant and otherwise of the defendant City of New York, they were grabbed, manhandled, assaulted and arrested by said P.Os. ,all members of the NYC POLICE DEPARTMENT. Each Plaintiff was approached by the Police Officers, whose names and shield numbers, are unknown at this time; there were several male officers and one female officer who proceeded to assault them, battered them, threw them against a wall and to the ground and then handcuffed them. The police officers REMOVED THEM TO A PRECINCT WHERE THEY WERE AGGRESIVELY QUESTIONED AND DETAINED. Thereafter they were taken to Central Booking, a stinky, foul smelling, dangerous and crowded place, where they remained deprived of their liberty for the next several days. They were eventually released after it was determined that they had not been involved in any criminality, no contraband had been found inside their residence and that, therefore, no criminal charges would or could be filed against him.

13. At that time and place, the plaintiffs were approached by the aforementioned officers who proceeded to twist their arms, throw them to the ground violently, hand cuff them, punch and kick them, all without probable cause and/or justification or provocation.

14. PLAINTIFFS were then placed in a police vehicle and transported to a Police Precinct where they were processed for arrest. Thereafter, they complained of pain, headaches and dizziness. PLAINTIFFS' arrest, assault, and physical abuse occurred at their place of residence and their neighbors saw them being removed from the premises in handcuffs, doing a "perp walk" out of their building.

15. THE PLAINTIFFS were eventually taken to Central Booking. They were told that they would be charged with possessing and selling drugs as well as with resisting arrest, and disorderly conduct. However the PLAINTIFFS were never arraigned since the People OF THE STATE OF NEW YORK declined to prosecute them and dismissed all

charges prior to the PLAINTIFFS being arraigned. Unfortunately, they remained incarcerated at Central Booking way beyond the usual 24 hour period. The New York County District Attorney's Office reviewed the matter and decided not to prosecute. However he remained incarcerated until the next, when they were released. (APPARENTLY THE ARRESTING OFFICER WENT HOME BEFORE PRESENTING THE RELEASE ORDER TO THE PROPER PERSON IN CENTRAL BOOKING) In all, they remained approximately 72 hours behind bars. The defendant City of New York has and obligation and a duty to properly train and supervise both its police department, its individual officers, including the officers that arrested PLAINTIFFS.

16. At the time that the PLAINTIFFS were set upon by the pack of Police Officers they found no contraband at, on or near them, nor had he broken any laws or ordinances of the City of New York, they were sound asleep in the arms of Morpheus. PLAINTIFFS, JOINTLY AND INDIVIDUALLY, upon questioning, indicated THAT THEY HAD NO KNOWLEDGE OF ANY ILLEGAL ACTIVITY POSSIBLY GOING ON INSIDE THEIR RESIDENCE and that they were sleeping peacefully, at their place of residence and that they had not participated in any drug activity nor were they aware that anyone else in the apartment was so involved, all of which was verified by those civilians present. However, not believing them, and neglecting to perform a basic minimal investigation, such as consulting with any Undercover Officers or Informants involved, the police brutalized them and arrested them, all without probable cause or justification and in violation of his right to be free from unreasonable police conduct. The defendants, including the City have failed to investigate these actions, these police officers and their systematically improper conduct. Furthermore, PLAINTIFFS' civil rights under the New York State Constitution, the US Constitution and 42 USC Sections 1983 and 1985 HAVE BEEN VIOLATED, IGNORED AND ABUSED.

16. PLAINTIFFS were denied their constitutional rights to be free from seizure, arrest, imprisonment and deprivation of movement without probable cause and due process of law.

17. The individual defendants, each and every one of them, are responsible personally and in their individual and official capacity for the violations of said rights.

18. The criminal case was dismissed after The New York District Attorney's Office reviewed the facts and circumstances leading to PLAINTIFFS' arrest. The New York County District Attorney's office, apparently and finally, after two almost three days, finally realized that PLAINTIFFS had not committed any criminal act whatsoever, especially one that would justify their arrest and thus decided not to prosecute them.

19. This ordeal greatly traumatized PLAINTIFFS who, as a result of this incident were beat up, assaulted, battered, incarcerated, humiliated and deprived of his freedom. Furthermore, Mr. Frankie Prado suffered injuries to his forehead. He was assaulted with the barrel of a 9 millimeter semi-automatic pistol causing suffering, pain and scarring.

## DAMAGES

20. As a direct and proximate result of the said acts of the defendants, THE PLAINTIFFS, jointly and individually, suffered the following injuries and damages:

a. Violations of their rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States;

b. Loss of physical liberty due to handcuffing and incarceration;

c. Humiliation, embarrassment and injury to reputation;

d. Pain and suffering as a result of being manhandled, slammed TO THE WALL, punched and kicked by members of the NYPD who also placed their knees on each of their backs in a violent manner intended to either brake his back or cause him excruciating pain all causing them to seek medical attention;

e. Defendant's wrongful deprivation of Plaintiff's rights under color of State Law and violations of the same rights under 42 USC Sections 1983 and 1985.

f. The defendant Police Officers, each and every one of them, used excessive and unnecessary force while effectuating the unlawful and illegal arrest of THE PLAINTIFFS.

g. Each plaintiff suffered psychological pain and suffering as a result of being handcuffed, incarcerated, falsely accused and maliciously prosecuted;

h. In addition PLAINTIFFS were exposed to the dangers of being held at New York Central Booking, commonly referred to as "The Tombs", a smelly, dangerous, crowded place full of criminals AND DEPRAVED INDIVIDUALS.

## CAUSES OF ACTION

### COUNT ONE
### 42 U.S.C. Sections 1981 and 1983- FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS: FALSE ARREST AND MALICIOUS PROSECUTION

21. Paragraphs 1-20 are incorporated by reference as though fully set forth.

22. Plaintiffs did not commit, any criminal or suspicious act, either before or at the time they were unlawfully arrested, imprisoned, prosecuted and deprived of their constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. Section 1983 and the Constitution of the State of New York, any illegal act. The Fourth Amendment protects citizens against unreasonable searches and seizures. The Plaintiffs herein claims that their detention, search and arrest was unlawful because it was done without probable cause to believe that THEY had committed a crime. In fact they told the arresting officers that THEY WERE PEACEFULLY AND LAWFULLY SLEEPING AT HIS RESIDENCE, WHICH WAS VERIFIED BY THOSE PRESENT.

23. As a direct result of the defendants', their agents, servants and employees, illegal actions and conduct, the Plaintiffs were arrested and imprisoned, until they were released, some seventy-two hours later.

24. That on or about JUNE 25TH, 2009 at 5:00 am in the MORNING, while the Plaintiff were peacefully, calmly and decently in his bed, within their residence, and within the confines of the Southern District of New York, were was set upon by a pack of police officers who abused him physically, verbally and psychologically, thereafter, arresting him without probable cause or justification. This occurred at 600 West 183rd Street, NY N Y, a location within the judicial boundaries of the Southern District of NY. The Plaintiff were falsely accosted and arrested, were taken to the 34th Police Precinct

and thereafter to Central Booking. Later on, they were released, after spending approximately 72 hours deprived of their liberty. All of this without any probable cause, just right, justification or grounds therefore.

25. As a result of the defendants' actions, the Plaintiff was unjustly, maliciously and wantonly deprived of their liberty.

26. That the defendants, police officers, acting under color of authority, and as agents of the defendants City of New York and the defendant New York City Police Department did not have any probable cause whatsoever to arrest, detain, hold, prosecute, assault, batter, humiliate or cause psychological damage to THE PLAINTIFFS AND SAID DEFENDANTS USED EXCESSIVE FORCE WHILE ARRESTING PLAINTIFFS.

27. That at all times herein mentioned, the defendants Police Officers, were employed in their respective capacities by the defendants City and the New York City Police Department and were acting under color of their official capacity and their acts were performed under color of the policies, statutes, ordinances, rules and regulations of the CITY OF NEW YORK AND THE NEW YORK CITY POLICE DEPARTMENT.

28. That at all times hereinafter mentioned, defendants, Police Officers were acting under color of law in their official capacity as New York City Police Officers, individually and jointly.

29. That during all times hereinafter mentioned, the defendant police officers and each of then, separately, and in concert, acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the City and the defendants herein, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the plaintiffs, and deprived plaintiffs of the rights, privileges and immunities secured to plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States, the Common Law and the Constitution of the State of New York, to wit: to be free from warrant less searches and arrest without probable cause. The defendants' actions played a substantial role in bringing about a deprivation of the Fourth Amendment's right to be free of unreasonable search and seizure and restraint on his liberty without due process, and arrests without probable cause. All of the named and unnamed defendants acted with malice.

### Second Cause of action

30. The plaintiff repeats and reiterates paragraphs one through 29 herein.

31. The defendants, each and everyone on them, maliciously prosecuted the Plaintiffs causing them to have to hire an attorney in order to obtain their released after the matter was declined to be prosecuted by the New York County District Attorney.

32. That because of the malicious prosecution of the defendant, he was caused to be anxious, in fear of going to jail and loosing his liberty; and was stressed to the point of not sleeping at night worrying for his future.

33. That as a result of the malicious prosecution on the part of the defendants, plaintiff spent APPROXIMATELLY 72 hours incarcerated, deprived of their liberty and freedom of movement and worried that they might stay in jail unjustly and unjustifiably.

### Third Cause of Action

34. Plaintiff repeats and reiterates paragraphs one through 33 herein.

35. That at the time that they were arrested, plaintiff were assaulted, battered, handcuffed, punched and kicked by the defendants who were then acting in their official capacity as Police Officers of the New York City Police Department, employees of the City of New York.

36. That as a result of the vicious beating that Plaintiffs received at the hands of the Defendants, he sustained pain, suffering trauma, contusions, black and blues, pain, suffering, humiliation, degradation, lost two days of work, all done under color of law and without probable cause or justification.

## Fourth Cause of Action Federal Civil Rights Claims

37. The acts of the NYPD, POs and the various Jane Does and John Does were committed under their authority as members of the NYPD AND AS Police Officers vested under and by virtue of the Laws of the State of New York, and were, therefore, committed under color of state law.

38. The defendant City knew of the need for additional training, screening, supervising and disciplining its police force in order to keep them from ignoring the innocence of PLAINTIFFS and those similarly situated, including the public at large; training its police force to refrain from filing false accusatory instrument, from ignoring the civil rights of defendants, falsely arresting defendants, assaulting defendants and maliciously prosecuting them. In fact, recently published instances of police misconduct and abuses of minorities have placed the City and the NYPD of the severe need for training and supervision of its police force and in addition these instances have served to indicated that it is the policy of the NYPD to ignore the rights of minorities, which PLAINTIFFS clearly are, and to engage in a pattern of conduct which it not only abusive, but illegal, in their interactions with the minority citizens of the City of New York.

39. The defendants deviated from accepted practices and failed to conduct a proper inquiry when arresting PLAINTIFFS for crimes they had not committed when required to do so. They ignored evidence demonstrating the innocence of the plaintiffs and wrongfully arrested them and failed to conduct even a minimal investigation to determine if any criminality attributable to the PLAINTIFFS had been committed either by them or by someone else acting on their behalf and/or as their agent.

40. The said City failed to adequately provide for screening, training, supervising and disciplining of police officers with respect to they above mentioned issues. This was done through callousness, intentional and deliberate indifference. This type of intentional conduct and deliberate indifference is evidence by recent decisions of the courts of the state of new york indicating that they NYPD and its employees engage in various acts of misconduct including but not limited to; falsification of evidence, withholding evidence of innocence, giving false testimony, filing false documents and generally failing to act in a reasonable just fair professional honest manner. These cases and rulings include the following:

Riddick v City of New York, 722 NYS 2d294, 4A.D.3d242 (1st Dept 2004)
Bonefant v Kelly, 759 NYS 2d87, 306 A.D.2d108 (1st Dept 2003)
Wagner v Kerik, 748 NYS 2d860,298 A.D.322 (1st Dept 2002)
Seligson v Kerik, 744 NYS 2d 655,295 A.D. 2d262 (1st Dept 2002)

41. By virtue of the decisions referred above and other information and court decisions, the NYPD and the City knew the need for adequate screening, training, supervision and disciplining of its employees was and is compelling because of the overriding credo of the police department to make arrests.

Fifth Cause of Action Municipal Liability

42. Plaintiffs repeats and re-alleges paragraph one through 41.
43. At all times hereinafter relevant, the NYPD and the Police Officers involved herein, were acting within the scope of their employment and/or as a policy maker for the City of NY.
44. To the extent applicable, the City of NY is liable as respondeat superior for said defendants' actions.
45. The defendant City knew or should have known of the Police Officers defendants' propensity to engage in illegal and negligent acts as detailed above and it failed to address or correct such acts or to institute training programs geared towards correcting these illegal, wanton and unprofessional acts.
46. The City of NY and the NYPD maintained a policy and practice of arresting innocent individuals and of prosecuting them without probable cause.
47. The City was negligent in the operation and supervision of its Police Department and by this negligence and inaction it the PLAINTIFFS of their Constitutional rights under the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments.
49. The City failed to take adequate steps to train, discipline, supervise or otherwise correct the illegal conduct of the defendant police officers and/or as a matter of policy and practice has with deliberate indifference and negligence, failed to take steps to uncover and/or correct such conduct, causing the plaintiff's injuries.
50. The injuries suffered by the PLAINTIFFS were caused by each and every one of the policies and practices of the defendants as set forth herein.
51. The actions of the defendants including the City of NY and the NYPD RESULTED IN THE DEPRIVATION OF THE PLAINTIFFS' rights under the Fourth, fifth, Sixth, Eight and Fourteen Amendments to the US Constitution.

That by reason of the aforesaid, each Plaintiff has been damaged in the sum of FIFTY MILLION DOLLARS($50,000,000.00)

WHEREFORE, EACH PLAINTIFF requests and demands JUDGMENT as against all of the defendants, individually and jointly as follows:

1. Award compensatory damages in the amount FIFTY Million Dollars on each cause of action;

2. Punitive damages in the sum of ten million dollars;

3. For reasonable attorneys' fees, together with costs and disbursements pursuant to 42 U.S.C. Section 1988 and the power of this Court;

4. Pre judgment interests as allowed by law;

5. For such and other and further relief as to this Honorable Court may deem just and proper.

Dated: Bronx, New York

Respectfully submitted,

ANDRES MANUEL ARANDA
930 Grand Concourse, Suite 1A
Bronx, New York 10451
1-718-514-9765
(718) 541-9241
(718) 541-9244
amarandawill.c.u@g-mail.com

DESIGNATION OF AGENT FOR ACCESS TO SEALED
RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, LAURIS PRADO, Date of Birth 06/01/1989
SS# 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, pursuant to NYCPL § 160.50[1][d], hereby designate _____, Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of New York v. _____, Docket No. or Indictment No. _____, in CRIM Court, County of NY, State of New York, relating to my arrest on or about 6-25-09, may be made available for use in Civil Action _____, _____ (S.D.N.Y.).

I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL § 160.50.

I further authorize the release of a list from the New York City Police Department that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

YUDERKA VALDEZ
Notary Public - State of New York
No. 01VA6209566
Qualified in New York County
My Commission Expires July 27, 2013

4/3/2012

SIGNATURE

STATE OF NEW YORK )
                  : SS.:
COUNTY OF         )

On this 3rd day of April, 201_, before me personally came Lauris Prado to me known and known to me to be the individual described in and who executed the foregoing instrument, and __ acknowledged to me that __ executed the same.

NOTARY PUBLIC

May 18, 2011

DESIGNATION OF AGENT FOR ACCESS TO SEALED
RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, **FRANKIE PRADO**, Date of Birth **11/04/1992**
SS# **123807302**, pursuant to NYCPL § 160.50[1][d], hereby designate
_____, Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of New York v. _____, Docket No. or Indictment No. _____, in **CRIM.** Court, County of **NY**, State of New York, relating to my arrest on or about **6-25-09**, may be made available for use in Civil Action _____ (S.D.N.Y.).

I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL § 160.50.

I further authorize the release of a list from the New York City Police Department that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

YUDERKA VALDEZ
Notary Public - State of New York
No. 01VA6209566
Qualified in New York County
My Commission Expires July 27, 2013

4/3/2012

_Frankie Prado_
SIGNATURE

STATE OF NEW YORK )
                  : SS.:
COUNTY OF         )

On this **3rd** day of **April**, 201**2** before me personally came _____, to me known and known to me to be the individual described in and who executed the foregoing instrument, and __ acknowledged to me that __ executed the same.

_Yuderka Valdez_
NOTARY PUBLIC

May 18, 2011

DESIGNATION OF AGENT FOR ACCESS TO SEALED
RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, PAULINA LOPEZ, Date of Birth 1/15/1957
SS# 069 66 2511, pursuant to NYCPL § 160.50[1][d], hereby designate
_____, Corporation Counsel of the City of New York, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of New York v. _____, Docket No. or Indictment No. _____, in CRIM Court, County of NY, State of New York, relating to my arrest on or about 6-25-09, may be made available for use in Civil Action _____, _____ (S.D.N.Y.).

I understand that until now the aforesaid records have been sealed pursuant to CPL § 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL § 160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL § 160.50.

I further authorize the release of a list from the New York City Police Department that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

YUDERKA VALDEZ
Notary Public - State of New York
No. 01VA6209566
Qualified in New York County
My Commission Expires July 27, 2013

Paulina Lopez
SIGNATURE

4/3/2012

STATE OF NEW YORK   )
                    : SS.:
COUNTY OF           )

On this 3rd day of April, 201_, before me personally came Paulina Lopez me known and known to me to be the individual described in and who executed the foregoing instrument, and __ acknowledged to me that __ executed the same.

Yuderka Valdez
NOTARY PUBLIC

May 18, 2011