UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __09.03.15__

FRANKIE PRADO, *et al.*,

Plaintiffs,

-v-

CITY OF NEW YORK, *et al.*,

Defendants.

No. 12-cv-4239 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

Plaintiffs Frankie Prado, Lauris Prado, and Paulina Lopez bring this action pursuant to 42 U.S.C. § 1983 and New York state law against the City of New York, the New York Police Department ("NYPD"), Police Officer I. Rodrigues ("Officer Rodrigues"), and Supervising Officer Kevin Goggin ("Officer Goggin," and collectively with the City of New York and Officer Rodrigues, the "Defendants") for alleged deprivations of their civil rights. Now before the Court is Defendants' motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants also argue that Plaintiffs did not properly serve Officer Rodrigues or Officer Goggin, which the Court construes as a motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Defendants' motions to dismiss for insufficient service and for judgment on the pleadings.

I. BACKGROUND

On the morning of June 25, 2009, NYPD officers entered Plaintiffs' apartment at 600 West 183rd Street.[1]  (Am. Compl. ¶ 12.)  The officers allegedly assaulted and battered Plaintiffs before arresting them

---

[1] The facts are taken from the Amended Complaint (Doc. No. 4 ("Am. Compl.")) and assumed to be true for the purposes of this Opinion. *See, e.g.*, *Freidus v. Barclays Bank PLC*, 734 F.3d 132, 135 (2d Cir. 2013).  In ruling on Defendants' motion,

and taking them to Central Booking.  (*Id.* ¶ 12-13.)  Plaintiffs allege that they remained in custody for nearly 72 hours before the New York County District Attorney's Office declined to prosecute Plaintiffs. (*Id.* ¶ 15.)

Plaintiffs commenced this action against Defendants on May 30, 2012, bringing claims for false arrest, malicious prosecution, and excessive force against individual Defendants Officer Rodrigues and Officer Goggin, and claims for conspiracy and municipal liability against the City of New York and NYPD, pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and New York state law.  (Doc. No. 1.)  On March 20, 2014, the Honorable Harold Baer directed the parties to complete all discovery by June 27, 2014.  (Doc. No. 12.)  On July 10, 2014, following Judge Baer's untimely death, and after the parties had completed discovery, this case was reassigned to my docket.  On August 8, 2014, the Court directed Defendants to file their motion for judgment on the pleadings, or in the alternative, for summary judgment, by September 5, 2014.  (Doc. No. 31.)  The matter was fully submitted on October 9, 2014.

II. Discussion

A. Motion to Dismiss for Insufficient Service of Process

As an initial matter, the individual Defendants assert that the claims against them must be dismissed because they have not been properly served.  A complaint may be dismissed for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.  *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997).  On a motion to dismiss for deficient service, "the plaintiff bears the burden of establishing that service was sufficient," *Khan v. Khan*, 360 Fed. App'x 202, 203 (2d Cir. 2010), "through specific factual allegations and any supporting materials," *Kwon v. Yun*, No. 05-cv-1142 (GEL), 2006 WL 416375, at *2 (S.D.N.Y. Feb. 21, 2006).  Furthermore, "actual

---

the Court also considered Defendants' memorandum of law (Doc. No. 34 ("Mem.")), Plaintiffs' memorandum in opposition (Doc. No. 40 ("Opp.")), and Defendants' reply memorandum of law (Doc. No. 41 ("Rep.")).

notice" does not cure otherwise defective service. *Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V.*, 451 F. Supp. 2d 585, 589 (S.D.N.Y. 2006).

Rule 4(b) of the Federal Rules of Civil Procedure states that a "summons – or a copy of a summons that is addressed to multiple defendants – must be issued for each defendant to be served." Fed. R. Civ. P. 4(b). "A summons must . . . (B) be directed to the defendant; . . . (F) be signed by the clerk; and (G) bear the court's seal." Fed. R. Civ. P. 4(a)(1). To effectuate service against a domestic individual, a plaintiff may: (1) "follow[] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," (2) "deliver[] a copy of the summons and of the complaint to the individual personally," (3) "leav[e] a copy of [the summons and of the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (4) "deliver[] a copy of [the summons and of the complaint] to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

Here, the record is clear that Plaintiffs have failed to serve either Officer Rodrigues or Officer Goggin. First, Plaintiffs never secured a summons from the Clerk of the Court for Officer Rodrigues or Officer Goggin. The only summons issued, on May 30, 2012, was addressed to "Police Officer and Other Police Officers Whose Identities are Unknown at the Present Time, Police Officers of the City of NY Individually and in their Official Capacity as New York City Police Officers, The City of New York (City), The New York City Police Department (NYPD)." (*See* docket entry on May 30, 2012.) Nevertheless, on September 4, 2014 – over two years after the summons was issued – Plaintiffs filed an affidavit of service attesting that the summons and Amended Complaint were served on Officer Rodrigues and Officer Goggin on June 22, 2012. (Doc. No. 32.) Plaintiffs, however, failed to attach copies of the summons and Amended Complaint that were purportedly served on Officer Rodrigues or Officer Goggin to their affidavit of service. (*Id.*) Moreover, because Plaintiffs never obtained a proper summons that was "directed to the defendant," "signed by the clerk," and "bear[s] the court's seal," Plaintiffs cannot have

properly served Officer Rodrigues or Officer Goggin on June 22, 2012, notwithstanding Plaintiffs'
affidavit of service indicating the contrary.

Furthermore, Plaintiffs' affidavit of service cryptically states that copies of the summons and
Amended Complaint were served on Officer Rodrigues and Officer Goggin at Police Service Area 6
("PSA 6") when their counsel "personally served PAA Bu[g]sby [and] left copies under door." (Doc. No.
32.)  Plaintiffs elaborate in their opposition that "PAA Bugsby" is "a civilian employee of the police
department" who performs "administrative work, including receiving correspondence and transmitting
information to members of the force," that PSA 6 "shares a physical plant" with the "Boro Manhattan
North Narcotics" command, which is where Plaintiffs allege Officer Rodrigues and Officer Goggin work,
and that Plaintiffs left copies of the summons and Amended Complaint under the door of the side of the
building where "Boro Manhattan North Narcotics" is located. (Opp. at 8-9.)  Plaintiffs further argue that
since the New York City Law Department was "duly, properly, and timely served" and it "routinely
represents each individual officer served," "service upon the officers' attorney should be deemed proper
service." (*Id.* at 9.)

However, the facts asserted in the affidavit of service, even if true, are not sufficient to meet the
requirements of Rule 4.  For example, Plaintiffs did not deliver the summons and complaint to the
individual Defendants personally pursuant to Rule 4(e)(2)(A) or leave copies at their dwelling or usual
place of abode with a resident of suitable age and discretion pursuant to Rule 4(e)(2)(B).  Nor have
Plaintiffs met their burden of showing that PAA Bugsby is "an agent authorized by appointment or by law
to receive service of process" on behalf of Officer Rodrigues or Officer Goggin pursuant to Rule
4(e)(2)(C).  While an "agent's authority to accept service may be implied from the relationship between
principal and agent," a party "must present facts and circumstances showing the proper relationship
between the defendant and its alleged agent" in fact existed – "[i]n absence of actual appointment, service
of process is ineffective." *Sikhs for Justice v. Nath*, 850 F. Supp. 2d 435, 441 (S.D.N.Y. 2012) (citation

omitted).  Defendants have maintained throughout this litigation that PAA Bugsby at PSA 6 is not an authorized agent to receive service of process for Officer Rodrigues or Officer Goggin.  (Mem. at 8 n.3 (noting that "plaintiffs' counsel has been aware of issues concerning service for well over one year" and that "[a]t no point during the pendency of this litigation has counsel ever attempted to re-serve the defendants, nor did counsel seek a waiver of service from defendant City [of New York]"); Rep. at 5 (stating that "as has been repeatedly communicated to opposing counsel, as members of the Manhattan North Narcotics Bureau, the individual officers' proper service address is One Police Plaza, *not* PSA 6").)  Because Plaintiffs have submitted no evidence that Officer Rodrigues or Officer Goggin appointed PAA Bugsby to be either's agent to receive service of process, Plaintiffs have failed to carry their burden of establishing that service was sufficient.

Finally, Plaintiffs also did not "follow[] state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," which in this case, would be N.Y. C.P.L.R. § 308.  Plaintiffs' method of service most closely resembles what N.Y. C.P.L.R. § 308(2) allows:  "delivering the summons . . . to a person of suitable age and discretion at the actual place of business . . . and . . . mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential.'"  N.Y. C.P.L.R. § 308(2).  However, even assuming PSA 6 qualifies as the actual place of business and PAA Bugsby is a person of suitable age and discretion, Plaintiffs failed to comply with § 308(2)'s requirement that they also *mail* the summons to Officer Rodrigues and Officer Goggin.  *See, e.g.*, *Kiernan v. Hermes Int'l*, No. 09-cv-1508 (SJF) (WDW), 2009 WL 2707343, at *3 (S.D.N.Y. Aug. 24, 2009).  Leaving copies under the door is plainly insufficient.  Plaintiffs also do not even allege, let alone provide evidence, that they placed the summons and Amended Complaint in an envelope labeled "personal and confidential."

Accordingly, Plaintiffs have not met their burden of establishing that their purported service of Officer Rodrigues or Officer Goggin was sufficient, and therefore the Court dismisses all claims against Officer Rodrigues and Officer Goggin for failure to serve pursuant to Rule 12(b)(5).

### B.  Motion for Judgment on the Pleadings

Even if Plaintiffs had properly served the individual Defendants, their claims would nevertheless be dismissed for failure to state a claim for which relief can be granted pursuant to Rule 12(c).  The same is true for their claims against the NYPD and City of New York.

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw Enter.*, 448 F.3d 518, 521 (2d Cir. 2006).  To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must "provide the grounds upon which [the] claim rests." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).  The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *ATSI Commc'ns*, 493 F.3d at 98.  However, that tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  Thus, a pleading that only offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  If the plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id*. at 570.

### 1.  Individual Defendants

Plaintiffs assert that Officer Rodrigues and Officer Goggin falsely arrested them, maliciously prosecuted them, and used excessive force against them in violation of 42 U.S.C. § 1983.  Section 1983

provides a civil cause of action for damages against any person who, acting under color of state law,

deprives another of a right, privilege, or immunity secured by the Constitution or laws of the United States.

*See* 42 U.S.C. § 1983.  "Section 1983 itself creates no substantive rights; it provides only a procedure for

redress for the deprivation of rights established elsewhere."  *Duamutef v. Morris*, 956 F. Supp. 1112, 1115

(S.D.N.Y. 1997) (citing *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993)).  To prevail on a claim under §

1983, a plaintiff must demonstrate (1) the deprivation of any right, privilege, or immunity secured by the

Constitution or laws of the United States, (2) by a person acting under the color of state law.  *See id.*  "In

order to establish a § 1983 claim . . . , a plaintiff must also show that the defendants were *personally*

involved in the unconstitutional conduct." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (emphasis

added); *see also Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987) (finding a complaint to be

facially defective when the plaintiff failed to allege that "defendants were directly and personally

responsible for the purported unlawful conduct").

Here, Plaintiffs' Amended Complaint is devoid of *any* allegation that either Officer Rodrigues or

Officer Goggin was "*personally* involved in the unconstitutional conduct."  *Green*, 46 F.3d at 194

(emphasis added).  Rather, the Amended Complaint simply speaks of "members of the New York City

Police Department," "P.O.s and Detectives," the "pack of Police Officers," and the "raiding Police Party"

carrying out the various alleged acts.  (Am. Compl. ¶¶ 12, 16.)  This is clearly insufficient.  Therefore, the

Court grants Officer Rodrigues's and Officer Goggin's motion for judgment on the pleadings as to

Plaintiffs' false arrest, malicious prosecution, and excessive force claims pursuant to § 1983.

## 2. NYPD

Plaintiffs' claims against the NYPD are, if anything, even more defective, since agencies of the

City of New York, such as the NYPD, are not entities that can be sued.  N.Y.C., N.Y., Charter, Ch. 17 §

396 (2014) ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall

be brought in the name of the city of New York and not in that of any agency, except where otherwise

provided by law."); *see Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Washington v. City of New York*, No. 11-cv-363 (BSJ) (HBP), 2012 WL 4468163, at *3 n.2 (S.D.N.Y. Sept. 18, 2012). Accordingly, Defendants' motion for judgment on the pleadings with respect to Plaintiffs' claims against the NYPD must also be granted.

### 3.  City of New York

Finally, Plaintiffs appear to assert claims against the City of New York for conspiracy under § 1985 and for municipal liability under § 1983 pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  Section 1985 provides a civil cause of action for "conspiracy to interfere with civil rights" and requires that a plaintiff allege (1) a conspiracy, (2) which has an intent or purpose to deprive a person of equal protection of the law, and (3) an act in furtherance of the conspiracy, (4) which results in an injury to a person, or a person's property, or the deprivation of a federal constitutional right. *Sheehy v. Brown*, 335 Fed. App'x 102, 104 (2d Cir. 2009) (citing *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993)).  "Furthermore, the conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Mian*, 7 F.3d at 1088.  Plaintiffs, however, have failed to allege the existence of *any* conspiracy to support § 1985 liability, let alone one that was intended to deprive Plaintiffs of the equal protection of the law or motivated by invidious discriminatory animus.  To the contrary, Plaintiffs merely list § 1985 as a cause of action in their complaint with no factual support whatsoever.  (Am. Compl. ¶ 2.)  Furthermore, because a municipality can act only through its employees, a municipality cannot itself be a conspirator.  *See Warren v. Westchester Cnty. Jail*, 106 F. Supp. 2d 559, 566 (S.D.N.Y. 2000).  Therefore, even if Plaintiffs *had* adequately alleged the existence of a conspiracy, such a claim could not be brought against a municipality like the City of New York under these circumstances.

Plaintiffs' *Monell* claim is equally defective.  In order to prevail on a claim against a municipality under § 1983 based on the acts of a public official, a plaintiff must prove: (1) "actions taken under color

of law," (2) "deprivation of a constitutional or statutory right," (3) "causation," (4) "damages," and (5) "an official policy of the municipality [that] caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (quoting *Monell*, 436 U.S. at 690-91). Here, Plaintiffs have failed to allege any *facts* that allow the Court to reasonably conclude that the City of New York had a policy or custom that caused Plaintiffs' alleged constitutional harm. Instead, Plaintiffs offer only conclusory assertions and a random list of cases brought against the City over the span of a decade. (*See* Am. Compl. ¶ 45 ("The defendant City knew or should have known of the Police Officer defendants' propensity to engage in illegal and negligent acts" and "it failed to address or correct such acts or to institute training programs geared towards correcting these illegal, wanton and unprofessional acts."), *id.* ¶ 46 ("The City of NY and NYPD maintained a policy and practice of arresting innocent individuals and of prosecuting them without probable cause."), *id.* ¶ 50 ("The injuries suffered by the PLAINTIFFS were caused by each and every one of the policies and practices of the defendants as set forth herein.").) But "mere allegations of a municipal custom, a practice of tolerating official misconduct, or inadequate training and/or supervision are inadequate to demonstrate the existence of such a custom unless supported by *factual details*," *Tieman v. City of Newburgh*, No. 13-cv-4178 (KMK), 2015 WL 1379652, at *13 (S.D.N.Y. Mar. 26, 2015) (emphasis added), as boilerplate recitations of the elements of a *Monell* claim will not do, *see id.* at *14 (citing cases). Accordingly, Defendants' motion for judgment on the pleadings on Plaintiffs' § 1985 and *Monell* claims against the City of New York must be granted.

C.  State Law Claims

Plaintiffs also assert claims for false arrest, malicious prosecution, and assault and battery against Defendants pursuant to New York state law. Federal district courts have supplemental jurisdiction over state-law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, if a federal district court "has dismissed all claims over which it has original jurisdiction," it "may decline to exercise supplemental

jurisdiction" over the related state-law claims. 28 U.S.C. § 1367(c)(3). In exercising such discretion, district courts must balance the "values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350 n.7. However, "depending on the precise circumstances of a case," the Second Circuit has "variously approved and disapproved the exercise of supplemental jurisdiction where all federal-law claims have been dismissed." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006).

In light of the fact that the Court has dismissed all of Plaintiffs' federal law claims on the pleadings, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. *See Johnson v. St. Barnabas Nursing Home*, 568 F. Supp. 2d 399, 401 (S.D.N.Y. 2008) (declining to exercise supplemental jurisdiction over a plaintiff's state law claims after granting judgment on the pleadings to defendants on plaintiff's federal claims).

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT Defendants' motions to dismiss for insufficient service and for judgment on the pleadings on Plaintiffs' federal law claims are granted. IT IS FURTHER ORDERED THAT Defendants' motion for summary judgment is denied as moot. The Clerk of the Court is respectfully directed to terminate the motion at docket entry 33 and to close this case. SO ORDERED.

DATED:      September 3, 2015
            New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

\*   \*   \*

Plaintiffs are represented by Andres M. Aranda, 930 Grand Concourse, Suite 1A, Bronx, New York 10451.[2]

Defendants are represented by Virginia J. Nimick, New York City Law Department, 100 Church Street, New York, New York 10007.

---

[2] The Southern District of New York Grievance Committee suspended Plaintiffs' counsel from the practice of law effective August 17, 2015. *In the Matter of Andres M. Aranda,* M-2-238. Nevertheless, to ensure that Plaintiffs are made aware of the Court's decision, the Court authorizes and directs Mr. Aranda to provide his clients with copies of the Court's Opinion and Order forthwith.